ENTERED
08/29/2008

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|   |   |   |
|---|---|---|
| IN RE | ) | |
| | ) | |
| CAMALA HARDMAN, | ) | CASE NO. 08-34963-H3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held a hearing on the "Debtor's Amended Motion for Continuation of Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B) (Docket No. 5). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Camala Hardman ("Debtor") filed a voluntary petition in Case No. 08-34963-H3-13 on August 4, 2008. William E. Heitkamp is the Chapter 13 Trustee.

Prior to the filing of the instant case, Debtor was the Debtor in Case No. 06-31322-H3-13. Case No. 06-31322-H3-13 was filed on April 3, 2006, and was dismissed on May 1, 2008 for failure of Debtor to make payments pursuant to her confirmed Chapter 13 plan.

In the instant motion, Debtor seeks extension of stay as to all creditors.  Regions Bank, a secured creditor, opposes extension of stay, or alternatively seeks adequate protection.

Debtor's husband, Ronnie Hardman,[1] testified that, during the previous case, Debtor was undergoing chemotherapy for treatment of cancer.  He testified that Debtor became unemployed in December, 2007, and became unable to make plan payments because she no longer received income, and the cost of her health insurance doubled.  Hardman testified that Debtor seems to be cancer free and has just four months more of follow up treatment.

Hardman testified that Debtor is now employed as a contract stenographer.  Hardman, who is a real estate broker, testified that Debtor's intention, in filing the instant case, is to sell Debtor's homestead to pay in full the mortgage debt.  He testified that he had brokered a sale of Debtor's homestead one week prior to the hearing on the instant motion, for a price sufficient to pay all the debt securing the mortgage.  He testified that the sale was not consummated.  He testified he believes Debtor's homestead can be sold within the next six months.

Hardman testified that Debtor proposes payments pursuant to a Chapter 13 plan as adequate protection of the interest of Regions Bank.  He testified that he and Debtor have

---

[1]All further references to "Hardman" in this opinion refer to Ronnie Hardman.

agreed to have Debtor's Chapter 13 plan payments withdrawn from their joint bank account pursuant to an automatic debit. Hardman's testimony was credible regarding Debtor's finances and intentions in the instant case.

Debtor's Chapter 13 plan provides for Debtor to make payments of $900 in the first month, $1,800 per month in the next five months, a lump sum payment of $38,000 in the seventh month, and $1,200 per month for three months, for a total of $51,500 in payments, over ten months.  Debtor proposes to pay Regions Bank $1,581 per month in months two through seven.[2]  Debtor estimates payment in full of all unsecured claims.

Regions Bank has filed a proof of claim in the above captioned case.  In its proof of claim, Regions Bank asserts a total principal balance of $150,179.20, with a prepetition arrearage of $47,318.59.  Regions Bank asserts a regular monthly mortgage payment of $1,621.82.

Debtor's counsel stated that Debtor intends to amend the plan to provide for payment of Regions Bank's proof of claim.

Conclusions of Law

Section 362(c)(3) of the Bankruptcy Code provides:

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section--

---

[2] Although the plan is not clear, it appears from Hardman's testimony that the plan presumes that Debtor will pay off the full debt to Regions Bank in the seventh month, from sale of the property.

* * *

(3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

(C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--

   (i) as to all creditors, if--

   (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

   (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to--

      (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a

>>substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
>>
>>(bb) provide adequate protection as ordered by the court; or
>>
>>(cc) perform the terms of a plan confirmed by the court; or
>
>(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded--
>
>>(aa) if a case under chapter 7, with a discharge; or
>>
>>(bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and
>
>(ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor.

11 U.S.C. § 362(c)(3).

In the instant case, Debtor has filed an individual case under Chapter 13 within one year after a preceding Chapter 13 case was pending.  A presumption applies that the above captioned case was not filed in good faith, as a result of Debtor's failure to perform the terms of the confirmed plan in Case No. 06-31322-H3-13.

In the instant case, the presumption that the instant case was not filed in good faith has been rebutted.  Debtor is now employed, will amend the plan to provide for the claim of Regions Bank, and will allow an automatic debit of her bank account for plan payments.  The court concludes that relief should be granted, conditioned on Debtor's amending the plan, and arranging an automatic debit.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on this 29th day of August, 2008.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE